IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES CRAYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-013 |
| | ) | |
| DAVE CHANEY, Doctor; KEVIN ASHLEY, | ) | |
| CO II; and CHARLES DENSON, CO II, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

Plaintiff names the following Defendants: (1) Dave Chaney, a doctor at TSP; (2) Kevin Ashley, a correctional officer at TSP; and (3) Charles Denson, a correctional officer at TSP. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On January 7, 2015, Defendants Ashley and Denson escorted Plaintiff, with his hands cuffed behind his back, to the counselor's office in the F-1 dorm. (Id. at 5.) Upon arriving at the office, a nurse and Defendant Chaney joined the group, at which time Defendants Ashley and Denson then left the office. (Id.) Defendant Chaney proceeded to examine Plaintiff, and Plaintiff informed the doctor that his examination was causing pain behind Plaintiff's earlobes. (Id.) Upon hearing this from Plaintiff, Defendant Chaney allegedly struck Plaintiff in the chin and chest area with a closed fist. (Id.) Defendant Denson then re-entered the room, and Plaintiff returned to his cell, having received no "proper attention" to the injuries sustained at the hands of Defendant Chaney. (Id.) Plaintiff seeks $500,000.00 "in redemption." (Id. at 7.)

As to the grievance procedure, Plaintiff states that he wrote a witness statement, filed a grievance, filed a sick-call request, and wrote to the interim manager of Inmate Affairs. (Id. at 3.) He also requested that the security camera tapes for the date of the events in question be preserved.[1] (Id.) At the time Plaintiff signed his complaint less than a month after the alleged incident in the counselor's office, Plaintiff had not received any response from Inmate Affairs, and he does not indicate that he appealed any adverse decision to the highest level in the administrative procedure. (Id. at 4.)

---

[1] Plaintiff also filed a motion with the Court requesting preservation of the security camera tapes. (Doc. no. 3.) Such a motion is in the nature of a discovery request, which, after a an answer has been filed, is served on the defense, not the Court. However, as explained herein, the Court is recommending dismissal of this case based a failure to exhaust administrative remedies. Thus, this premature discovery motion should be **DENIED AS MOOT**.

**B. DISCUSSION**

Plaintiff's complaint should be dismissed because of his failure to exhaust administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011); Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with

procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[2]  Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

The administrative grievance procedure applicable in this case is governed by the Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001. Inmates are encouraged to resolve complaints on an informal basis before filing a grievance, however this step is not required. SOP IIB05-0001 § VI(A)(4). The administrative remedies procedure commences with the filing of the Original Grievance. The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the Original Grievance and give it to a Counselor. Id. § VI(D)(1)-(5). Once the Counselor gives the grievance to the Grievance Coordinator, they will screen it in

---

[2] Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 537-38 (7th Cir. 1999).

4

order to determine whether to accept it or recommend that the Warden reject it. Id. § VI(D)(5). If the Warden rejects the grievance, the inmate may appeal the rejection to the Central Office. Id. § VI(D)(5)(f).

If the Grievance Coordinator accepts the grievance or the Warden rejects the coordinator's recommendation to reject the grievance, the Grievance Coordinator will appoint a staff member to investigate the complaint. Id. § VI(D)(6). After the staff member prepares a report, the Grievance Coordinator submits a recommended response to the Warden. Id. The Warden or a designee reviews the grievance, the report, and the recommendation and issues a decision in writing. Id. The Warden has forty days from the date the offender gave the Original Grievance to the Counselor to deliver a decision. Id. § VI(D)(7).

The inmate then has seven calendar days from the date he receives the response to file a Central Office Appeal to the Office of the Commissioner, but this time limit may be waived for good cause. Id. § VI(E)(2). If the Original Grievance is rejected, or if the time allowed for a response to the Original Grievance has expired without action, the offender may file a Central Office Appeal. Id. §§ VI(E)(3)-(4). The Office of the Commissioner or his designee then has 100 calendar days after receipt of the grievance appeal to deliver a decision to the offender. Id. § VI(E)(7).

Here, in Plaintiff's complaint signed on February 5, 2015, less than one month after the events about which he complains occurred on January 7, 2015, Plaintiff states that in addition to writing statements, sick call requests, and a letter, he also he filed a grievance.

(Doc. no. 1, p. 3.) However, Plaintiff also concedes that he did not receive a response to his documents, and he does not state that he appealed any adverse decision. (Id. at 3-4.) Indeed, Plaintiff filed his complaint before the forty days allowed for the Warden to make a response to a grievance had expired. See SOP IIB05-0001 § VI(D)(7). Moreover, even if that forty-day period expired without a response from the Warden, Plaintiff had additional administrative procedures available to him because the SOP allows a prisoner to file a Central Office Appeal, and the SOP allows for a 100-day response period for the appeal. Id. §§ VI(E)(3)-(4).

In sum, to properly exhaust, Plaintiff must use all steps of the available exhaustion procedure. Woodford, 548 U.S. at 93. Additionally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Higginbottom, 223 F.3d at 1261. It is plain from the face of Plaintiff's complaint, indeed he concedes, that he failed to complete the entire grievance process prior to commencing this case. (Doc. no. 1, pp. 3-4.) Therefore, the complaint fails to state a claim upon which relief can be granted. See Solliday, 413 F. App'x at 208 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to preserve evidence be **DENIED AS MOOT** (doc. no. 3), the complaint

be **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA